# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL ACTION NO. 16-243-DLB**

**DEWEY L. PEGGS**                                                                                            **PLAINTIFF**

vs.                         **MEMORANDUM OPINION & ORDER**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**                                                   **DEFENDANT**

                                                  \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, hereby affirms the decision of the Commissioner.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2013, Plaintiff Dewey Peggs applied for Disability Insurance Benefits ("DIB"), alleging disability beginning on February 1, 2013. (Tr. 129, 261). Specifically, Plaintiff alleged that he is unable to work due to degenerative disc disease, carpal tunnel, numbness in arms and hands, hip pain, hearing loss, and memory loss. (Tr. 290).

Plaintiff's application was denied initially and again on reconsideration. (Tr. 185, 186). At Plaintiff's request, an administrative hearing was conducted on August 3, 2015, before Administrative Law Judge ("ALJ") Diana Erickson. (Tr. 141-173). On August 28, 2015, ALJ Erickson ruled that Plaintiff was not entitled to disability benefits.

1

(Tr. 126-140). This decision became final when the Appeals Council denied Plaintiff's request for review on September 20, 2016. (Tr. 1-7). Plaintiff filed the instant action on October 27, 2016. (Doc. # 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 11 and 13).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the court is required to affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if it might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of February 1, 2013. (Tr. 131). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease and bulging of the lumbar spine. (Tr. 131). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 132).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), but that he "can never climb ladders, ropes, or scaffolds; can frequently climb stairs, balance, stoop, kneel, crouch and crawl; and should avoid concentrated exposure to noise and

vibration." (Tr. 132). Based upon this RFC, the ALJ concluded that Plaintiff was not able to perform past relevant work. (Tr. 135). Accordingly, the ALJ proceeded to Step Five, and found that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 135-36). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. (Tr. 136).

**C. Analysis**

Plaintiff alleges three errors in the hearing decision and asks this Court to reverse the disability determination. Specifically, Plaintiff argues that the ALJ erred in failing to give greater weight to Dr. Dye's medical source statement, that the ALJ erred in failing to give great consideration to Plaintiff's own testimony and erroneously attempted to erode his credibility, and that the ALJ's determination is not supported by substantial evidence. (Doc. # 11-1 at 8-13).

*1. The ALJ gave proper weight to Dr. Dye's testimony*

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D.K.Y. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing treatment relationship). A non-treating source is an acceptable

4

medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but provided medical or other opinion evidence in the case. *Id.* In deciding how much weight to give the opinion of a non-treating source, the ALJ must consider the length, frequency, nature and extent of the treatment relationship; evidence in support of the opinion; consistency of the opinion with evidence in the record; physician's specialization; and other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(1)-(6).

In January 7, 2014, Dr. Gregory Dye performed an examination on Plaintiff for the purpose of getting "disability papers filled out." (Tr. 134; 471-79). After examining Plaintiff, Dr. Dye found that Plaintiff could not stand or walk for more than 2 hours total, and could not sit for more than 4 hours total in a day. (Tr. 134; 473-74). Dr. Dye also found that Plaintiff's "lumbar spine has tenderness, mildly reduced ROM." (Tr. 478). Dr. Dye concluded that Plaintiff "cannot perform gainful employment any longer." (Tr. 475).

Plaintiff claims that the ALJ erroneously gave little weight to the opinion of Dr. Dye, whom Plaintiff refers to as his "treating physician." (Doc. # 11-1 at 8). Plaintiff claims that the ALJ was wrong to "give more weight to the opinion of the state agency medial [sic] consultant," and that the ALJ incorrectly found that Dr. Dye's opinion was inconsistent with the record. *Id.* at 10. The record belies these assertions.

First, contrary to Plaintiff's characterization, Dr. Dye was not a "treating physician." Plaintiff saw Dr. Dye only once, for the purpose of "getting disability papers filled out." (Tr. 134) (internal quotations and citations omitted). Accordingly, because

Plaintiff did not have an ongoing treatment relationship with Dr. Dye, Dr. Dye was a non-treating source. *See* 20 C.F.R. § 404.1527(a)(2).

Next, Plaintiff argues that Dr. Dye's opinion should have been given more weight than the opinions of doctors who did not physically evaluate Plaintiff. (Doc. # 11-1 at 10). Generally, more weight is given to the medical opinion of a source who has examined a claimant than to the opinion of a source who has not examined the claimant. 20 C.F.R. § 404.1527(c). However, the ALJ must also consider the other factors described above, such as whether the source presents relevant evidence to support the medical opinion, and whether the opinion is consistent with the record as a whole. *Id.*

Here, the ALJ properly considered the factors outlined in the regulations to determine how to weigh Dr. Dye's opinion. First, the ALJ afforded less weight to Dr. Dye's opinion because it was not supported by objective medical evidence. Dr. Dye "opin[ed] that the claimant is unable to complete an 8-hour workday due to pain," yet "on examination, Dr. Dye observed only lumbar tenderness and mildly reduced range of motion. Medical imaging of the back showed only mild degenerative changes." (Tr. 134). The ALJ also noted that Dr. Dye's opinion was "inconsistent with the rest of the record evidence, including the other medical evidence and claimant's daily activities." *Id.* Accordingly, the ALJ concluded that Dr. Dye's opinions were entitled to less weight. *Id.* Because the ALJ explained how much weight she gave to the opinion of Dr. Dye, a non-treating source, and because she detailed her reasons for doing so in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in this portion of the ALJ's analysis.

### *2. The ALJ did not err in discounting Plaintiff's credibility*

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical or mental impairments or disability. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2 (July 2, 1996). When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could be reasonably expected to produce the alleged symptoms. *Id.* Once that is established, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individuals' ability to do basic work activities." *Id.*

When a claimant's complaints regarding the intensity and persistence of his symptoms are unsupported by objective medical evidence, the ALJ must make a credibility determination "based on a consideration of the entire case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996)). "The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id.* Consistency between the claimant's complaints and the case record supports claimant's credibility while "inconsistency, although not necessarily defeating, should have the opposite effect." *Id.*

Plaintiff asserts that the ALJ wrongfully discounted his credibility based on Plaintiff's references to working after his alleged disability onset date. (Doc. # 11-1 at 12). According to Plaintiff, it was wrong for the ALJ to find that Plaintiff's varied work did

7

not count as substantial gainful activity, yet find that Plaintiff's statements about working discredited his testimony regarding activities of daily living. *Id.* at 12-13. However, "even if the work [a claimant] ha[s] done was not substantial gainful activity, it may show that [the claimant is] able to do more work than [they] actually did." 20 C.F.R. § 404.1571. Therefore, even though the ALJ found that Plaintiff did not engage in substantial gainful activity past his alleged onset date, it was still proper for the ALJ to consider any work Plaintiff performed, albeit insubstantial, when evaluating the frequency and intensity of Plaintiff's symptoms.

The ALJ's credibility determination, which properly included consideration of Plaintiff's references to working, is supported by substantial evidence. The ALJ carefully reviewed the entire record to determine that "claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely credible." (Tr. 133). First, the ALJ found that the objective medical evidence showed that Plaintiff's back pain was "significantly less limiting than he alleged." *Id.* Specifically, the ALJ noted that an MRI from May 2012 revealed "only mild degenerative changes" and that a second MRI in July 2014 revealed similar changes, "as it showed just mild diffuse disc bulging." *Id.*

Additionally, the ALJ discredited Plaintiff's description of his symptoms because the record contained "numerous references to the claimant performing work since the alleged disability onset date." *Id.* The ALJ detailed Plaintiff's treatment records as follows:

> [I]n April 2013, the claimant told his primary care provider that he was working odd jobs every day when he could get them, and was continuing to seek full-time employment. In July 2013, he was still working odd jobs and looking for full-time employment. In October 2013, the claimant was

8

unhappy about a decrease in his medication, but understood it was necessary, and reported that with medications "he can get out and work in order to make a living for his family." In November 2013, he reported that he was "doing well" and that the "medications allow him to perform his ADL's and continue employment when he can find it."

In January 2014, the claimant saw a different treatment provider, Greg Dye, M.D., on a one-time basis for the purpose of getting "disability papers filled out." He inconsistently told Dr. Dye that he had done no work for the past three years, which undermines the claimant's overall credibility.

In September 2013, the claimant told his regular pain clinician that the pain medication was "working well" and that he had a new job doing carpentry work. In July 2015, the claimant complained to his pain clinician of coldness in his feet, but said that he had not had a chance to see his primary care provider about this because he had been "too busy working."

(Tr. 133-34) (internal citations omitted).

As illustrated above, the ALJ conducted a detailed review of the medical evidence in the record, highlighting inconsistencies between medical evidence, Plaintiff's statements in treatment records, and Plaintiff's testimony. Because the ALJ conducted a thorough credibility assessment, properly weighed inconsistencies in the record, and provided substantial evidence to support her decision, the Court does not find error with the ALJ's credibility determination.

### 3. *The ALJ's determination was supported by substantial evidence*

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34474-01 (Jul. 2, 1996). Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of

the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that she finds credible in the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff broadly asserts that "there is not substantial evidence to support the denial of his application for social security benefits." (Doc. # 11-1 at 14). He claims that the "objective medical evidence unequivocally documents" that he suffers from a variety of impairments. *Id.* But it does not matter that Plaintiff believes substantial evidence supports a different disability determination. The Court must affirm the ALJ's decision as long as it is supported by substantial evidence.

At Step Four of the analysis, the ALJ carefully reviewed the entire record and found that Plaintiff was capable of performing light work with the limitations specified. (Tr. 132). She thoughtfully considered the evidence surrounding Plaintiff's alleged symptoms, and found that Plaintiff's impairments could reasonably be expected to cause those symptoms. (Tr. 133). However, the ALJ went on to find that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." *Id.* As explained above, the ALJ carefully reviewed Plaintiff's subjective complaints, the objective medical evidence, and treatment notes. And, despite finding that "consistent reports of work surely reflect that the claimant's pain is not as limiting as he alleged," the ALJ "fairly accounted for [Plaintiff's] lower back pain" by limiting Plaintiff to light exertional work with additional limitations. (Tr. 134). Because the ALJ engaged in a thorough analysis and properly weighed all of

the evidence from the entire record, substantial evidence supports her decision. Accordingly, the Court must affirm the decision.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. Accordingly,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 11) is **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 13) is **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 19th day of April, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\Peggs 16-243 MOO.docx